# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2011

No. 11-50259
Summary Calendar

Lyle W. Cayce
Clerk

SUSAN DIXON,

Plaintiff-Appellant,

v.

COMAL COUNTY, TEXAS; COMAL COUNTY DISTRICT ATTORNEY'S
OFFICE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC 5:09-CV-831

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Susan Dixon appeals the district court's summary judgment in favor of Defendants-Appellees Comal County, Texas and Comal County District Attorney's office on her claims that she was not promoted based on her race and national origin and terminated in violation of Title VII of the Civil Rights Act of 1964. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50259

## I.

The Comal County District Attorney's office hired Susan Dixon, an English-born black woman, as a Clerk I receptionist on July 10, 2006. Dixon complains that co-workers made fun of her because of her accent. Dixon applied for a Clerk IV position in January 2007, but the county chose a Hispanic woman for the position. Then, in March 2007, Dixon interviewed for a Clerk V position that would serve as an assistant to various prosecutors. Dixon did not receive that position either, and this time the county hired a white woman instead.

Beginning in November 2007, Dixon's supervisor began receiving several complaints about Dixon's job performance. The head of the county's civil section reported to Dixon's supervisor that her section often missed deadlines because Dixon did not properly record phone messages, transfer calls, or place documents in the correct boxes. She was unable to go forward with the forfeiture of valuable contraband in one case because Dixon did not properly route a seizure affidavit. Dixon received a performance correction notice that mentioned she could face termination if her job performance did not improve. Subsequently, Dixon circulated e-mails to all county receptionists that included an article reporting a co-worker's estranged husband's arrest, as well as his confidential booking record and mug shot that Dixon retrieved from the county's computer system.

In March 2008, the county hired another white woman for an unfilled Clerk IV position. Dixon complained to several co-workers and office visitors about not being considered for the position. On April 10, 2008, an office manager met with Dixon to discuss the county's concern that Dixon was discussing internal office affairs outside the office. Dixon told the office manager that she believed she could sue the county because her co-workers harassed her because of her accent and the county did not promote her based on her race and accent.

2

No. 11-50259

On April 21, 2008, the county terminated Dixon's at-will employment. The termination notice listed Dixon's violation of the county's chain of command policy and insubordinate outbursts when confronted with the inappropriate email. On June 5, 2008, Dixon filed discrimination and retaliation charges with the Equal Employment Opportunity Commission. After receiving a letter of determination, Dixon filed a complaint against the county in the District Court for the Western District of Texas, alleging discrimination based on race and national origin and retaliation in violation of Title VII. The district court granted the county's motion for summary judgment, dismissing all of Dixon's claims.

## II.

We review the district court's grant of summary judgment *de novo*. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007). "Summary judgment is appropriate when the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009) (internal quotation marks omitted). This court must take all the facts and evidence in the light most favorable to Dixon. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).

Dixon's complaint only alleges discrimination for the county's failure to promote her to the March 2007 and March 2008 positions. To overcome a summary judgment motion in a Title VII employment discrimination claim, a plaintiff must establish a prima facie case of discrimination, and the defendant must then articulate a legitimate, nondiscriminatory reason for its actions. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). We have acknowledged that choosing the best-qualified candidate "constitutes a legitimate, non-discriminatory justification for its failure to promote [an employee]." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881–82 (5th

No. 11-50259

Cir. 2003). If this burden is met by the defendant, the plaintiff must then offer sufficient evidence that the defendant's reason is not true, but is instead a pretext for discrimination. *See Price*, 283 F.3d at 720. We have also held that a plaintiff's showing that the plaintiff was clearly better qualified is enough to prove that the defendant's proffered reason is a pretext. *See id.* at 723. We assume, *arguendo*, that Dixon made prima facie showings for both claims.

With regard to the 2007 position, the county claims it did not promote Dixon because the selected woman was a better candidate. The county presents evidence that the selected woman received the highest interview scores, interviewers perceived her to be more qualified, and interviewers believed she conducted herself in a more professional manner than Dixon. Turning to the 2008 position, the county claims that it hired someone with twenty years of crime analyst experience to meet the county's institutional needs. The county presents the affidavit of the hiring attorney to argue it hired the white woman without interviewing anyone else because her twenty years of experience in evidence gathering, locating defendants and witnesses, and helping with asset seizures would help the "office [fulfill] its mission." The district attorney states that the county also valued the woman's "well-developed network of contacts with law enforcement agencies" throughout Texas, specifically her twelve years with a local police department.

Dixon argues that her application materials for the 2007 position show that she was clearly a better candidate than the woman selected for the Clerk V position. However, as the district court observed, a comparison of the application materials submitted by Dixon and the selected woman does not show that Dixon was clearly better qualified. Instead, the application materials show that Dixon and the selected woman had similar clerical and probation-related experience. We have held that "showing that two candidates are similarly qualified does not establish pretext." *Price*, 283 F.3d at 723. As for the 2008

4

No. 11-50259

position, Dixon did not respond specifically to the county's contention that due to institutional needs this position was converted to crime analyst, but instead argued generally that "the true effect of the secret creation of the [position] was to keep [Dixon] from once again seeking and demanding a promotion." Dixon cannot rely merely on her subjective belief to establish pretext. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004). Because Dixon did not produce evidence such that a reasonable factfinder could conclude that the county's proffered reasons are false, we affirm summary judgment for the county on all of Dixon's discrimination claims.[1]

## III.

We now turn to Dixon's unlawful retaliation claim. "To establish a prima facie retaliation claim, a plaintiff must show that (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). This court has held that the three-part *McDonnell Douglas* test applies to Title VII unlawful retaliation cases. *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). In order to survive summary judgment, Dixon must raise a genuine issue of material fact that the county unlawfully terminated her employment as retaliation for complaining to the office manager that she was not promoted based on race and national origin. The close timing between plaintiff's protected activity and alleged retaliatory action may help establish the causal connection element of a prima facie retaliation claim. *See Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). However, summary

---

[1] Dixon complains that the trial court failed to consider the EEOC determination letter. However, there is no evidence the district court did not consider the letter, and we have upheld summary judgment in cases where the EEOC made a positive finding of discrimination. *See Price*, 283 F.3d at 725.

judgment for defendant is proper when plaintiff presents "no evidence of retaliation save temporal proximity" to rebut defendant's proffered reason and overwhelming evidence that plaintiff was fired because of poor performance and improper work conduct. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

As the district court noted, the county provided substantial evidence to show that its proffered reasons for Dixon's termination—her history of violating standards of performance, conduct, and chain of command—were not pretexual. Dixon's termination notice specifically states Dixon was terminated because she violated the DA's chain of command policy by complaining about internal office issues with non-employees and was insubordinate when confronted about inappropriate office behavior. On the other hand, the only evidence Dixon offers to support an inference of pretext is that she was fired less than two weeks after her protected activity. *See Roberson*, 373 F.3d at 656 ("Without more than timing allegations, and based on [the] legitimate, nondiscriminatory reason in this case, summary judgment . . . was proper."). Accordingly, summary judgment was proper.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the county dismissing Dixon's discrimination and retaliation claims.